IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID ALLEN COMPTON,

    Plaintiff,

v.

HUGH C. DOWNER, JR., Individually
and in his Official Capacity as
Curry County Circuit Court Judge;
CHARLES STEAK, Individually and in
his Official Capacity as District
Attorney of Curry County; and
JOHN and JANE DOES one through
one-hundred,

    Defendants.

Civil No. 05-1482-BR

ORDER TO DISMISS

BROWN, Judge.

Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court this date, plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

Plaintiff alleges Defendants conspired to allow Defendant Downer to preside as judge in Plaintiff's criminal trial, when Defendant Downer had been disqualified for prejudice from presiding in another criminal case against Plaintiff. By way of relief, Plaintiff seeks criminal charges against Defendants, injunctive relief in the form of orders prohibiting Defendants from involvement in any future court cases involving Plaintiff, declaratory judgment that Defendant Judge Downer lacked jurisdiction over the criminal case, and money damages.

**STANDARDS**

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

(B)  the action . . .

    (I)  is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under

any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by

3 - ORDER TO DISMISS -

amendment.  Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I. Criminal Charges

Plaintiff seeks criminal charges against Defendants under 18 U.S.C. §§ 241, 242, and 2071, and 42 U.S.C. § 1985(2), and various Oregon statutes.  This court lacks jurisdiction to compel a U.S. Attorney to investigate, arrest or prosecute state officers for an alleged criminal violations.  Inmates of Attica Correctional Facility V. Rockefeller, 477 F.2d 375, 379-82 (2nd Cir. 1973); see also Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. § 241 does not create private right of action). Accordingly, to the extent Plaintiff seeks criminal charges, his complaint fails to state a claim upon which relief may be granted.

### II. Civil Rights Claims

"Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement." Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriquez, 411 U.S. 475, 484 (1973)).  "A civil rights action, in contrast, is the proper method of challenging 'conditions of . . . confinement.'"  Badea, 931 F.2d at 574 (quoting Preiser, 411 U.S. at 498-99).  To the extent Plaintiff seeks a judgment declaring Defendant Judge Downer lacked jurisdiction to preside

4 - ORDER TO DISMISS -

over Plaintiff's criminal trial, such a claim would more appropriately be brought in a habeas corpus action challenging the legality or duration of his confinement. Because it is not clear from plaintiff's complaint that he intends to seek habeas corpus relief, the court declines to construe his complaint as such. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (When the intent to bring a habeas petition is not clear, the court should not convert a defective § 1983 claim into a habeas petition).

To state a § 1983 claim for damages, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992), cert. denied, 508 U.S. 951 (1993); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989), cert. denied, 493 U.S. 1056 (1990). A prisoner cannot, however, maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" where his sentence and conviction have not previously been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Plaintiff attaches a copy of a stipulated judgment from a state post-conviction proceeding wherein the state agreed to reduce Plaintiff's sentence. The judgment does not call into question the legality of Plaintiff's conviction and current confinement, and Plaintiff does not allege otherwise. Accordingly, Plaintiff fails to state a claim upon which money damages may be granted under § 1983.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that plaintiff's complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.[1]

IT IS SO ORDERED.

DATED this  15th   day of November, 2005.

　　　　　　　　　　　　　/s/ Anna J. Brown
　　　　　　　　　　　　ANNA J. BROWN
　　　　　　　　　　　　United States District Judge

---

[1] In lieu of an amended complaint, plaintiff may move to voluntarily dismiss this action, without prejudice. Plaintiff is advised that a prisoner is prohibited from proceeding in a civil action without full payment of the filing fee if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed as frivolous or for failure to state a claim unless the prisoner is under imminent danger of serious physical harm. 28 U.S.C. § 1915(g).